**E-FILED; Saint Mary's Circuit Court**
Docket: 5/1/2025 12:19 PM; Submission: 5/1/2025 12:19 PM
Envelope: 210-27-345

IN THE CIRCUIT COURT FOR St. Mary's County _____
(City/County)

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).

    *Defendant:* You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

| | |
|---|---|
| **FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT | CASE NUMBER **C18CV25-271** (Clerk to insert) |

**CASE NAME:** JOSEPH BARNES     vs.     SAINT MARY COUNTY OFFICE SHERIFF
           Plaintiff                                             Defendant

**PARTY'S NAME:** JOSEPH BARNES               **PHONE:** _____

**PARTY'S ADDRESS:** 15371 PARK AVENUE BRANDYWINE, MD 20613

**PARTY'S E-MAIL:** _____

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** ANDREA D. SMITH-WALKER     **PHONE:** 301-543-9685

**PARTY'S ATTORNEY'S ADDRESS:** 9701 APOLLO DRIVE SUITE 100 LARGO, MD 20772

**PARTY'S ATTORNEY'S E-MAIL:** andrea.smith@smithlawllc.org

**JURY DEMAND?** ☒ Yes ☐ No

**RELATED CASE PENDING?** ☐ Yes ☒ No  If yes, Case #(s), if known: _____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours  1  days

### PLEADING TYPE

| | |
|---|---|
| **New Case:** ☒ Original | ☐ Administrative Appeal    ☐ Appeal |
| **Existing Case:** ☐ Post-Judgment | ☐ Amendment |

*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint – DOB of Youngest Plt: _____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

**Government**
- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☒ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Worker's Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

**Constructive Trust**
- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. – Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

**CC-DCM-002** (Rev. 12/2022)                   Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☐ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Financial Exploitation
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory

- ☐ Judgment-Default
- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☒ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order

- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.     ☐ Liability is not conceded, but is not seriously in dispute.     ☒ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☒ Over $100,000

☐ Medical Bills $ _____     ☐ Wage Loss $ _____     ☐ Property Damages $ _____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| A. Mediation | ☒ Yes ☐ No | C. Settlement Conference | ☒ Yes ☐ No |
| B. Arbitration | ☒ Yes ☐ No | D. Neutral Evaluation | ☒ Yes ☐ No |

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*

### *(Case will be tracked accordingly)*

- ☐ 1/2 day of trial or less
- ☒ 1 day of trial time
- ☐ 2 days of trial time
- ☐ 3 days of trial time
- ☐ More than 3 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of Defendant's response     ☐ **Standard** - Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

CC-DCM-002 (Rev. 12/2022)

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response        ☐ **Standard** - Trial within 18 months of Defendant's response

---

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice, Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☐ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff _____ |
| ☐ Tax Sale Foreclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpr Personal Injury Cases (medical expenses and wage loss o out-of-state witnesses (parties), and trial of five or more |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

05/01/2025
_____
            Date

9701 Apollo Drive Suite 100
_____
            Address

Largo            MD        20772
_____    _____    _____
   City          State      Zip Code

/s/ Andrea D Smith-Walker        1406170267
_____        _____
Signature of Attorney / Party      Attorney Number

Andrea D. Smith-Walker
_____
            Printed Name

E-FILED; Saint Mary's Circuit Court
Docket: 5/1/2025 12:19 PM; Submission: 5/1/2025 12:19 PM
Envelope: 21027345

## IN THE CIRCUIT COURT
## FOR ST MARY'S COUNTY, MARYLAND

| | |
|---|---|
| **JOSEPH BARNES** | : |
| 15371 PARK AVENUE | : |
| BRANDYWINE, MD 20613 | : |
| Plaintiff | : |
| | : |
| V. | : CASE NO. _____ |
| | : |
| **ST MARYS COUNTY OFFICE OF THE SHERIFF** | :    C18CV25-000271 |
| 23150 LEONARD HALL DRIVE | : |
| LEONARDTOWN, MD 20650 | : |
| Defendant | : |

### LINE ENTERING APPEARANCE

Please enter my appearance for Plaintiff, JOSEPH BARNES, in the above-captioned matter.

Respectfully Submitted,

*/s/ Andrea D. Smith-Walker, Esq.*

Andrea D. Smith-Walker, Esq., ID 1406170267
The Law Office of Andrea D Smith LLC
9701 Apollo Drive Suite 100
Largo MD 20772
(301) 543-9685
andrea.smith@smithlawllc.org

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2025, a copy of the foregoing, as well as accompanying

documents, shall be served via private process server to:

Saint Mary's County Office of the Sheriff
23150 Leonard Hall Drive
Leonardtown, MD 20650

*/s/ Andrea D. Smith-Walker, Esq.*

Andrea D. Smith-Walker, Esq.

E-FILED; Saint Mary's Circuit Court
Docket: 5/1/2025 12:19 PM; Submission: 5/1/2025 12:19 PM
Envelope: 21027345

### IN THE CIRCUIT COURT
### FOR ST MARY'S COUNTY, MARYLAND

**JOSEPH BARNES**                                                 :
15371 PARK AVENUE                                                :
BRANDYWINE, MD 20613                                         :
          Plaintiff                                            :
                                   :

            V.                                      : CASE NO. _____
                                   :

**ST MARYS COUNTY OFFICE OF THE SHERIFF**       :   **C18CV25-000271**
23150 LEONARD HALL DRIVE                                   :
LEONARDTOWN, MD 20650                                     :
          Defendant                                         :

### COMPLAINT

Plaintiff, JOSEPH BARNES, through undersigned counsel, for his cause of action against Defendant, SAINT MARY'S COUNTY OFFICE OF THE SHERIFF, as follows:

### PARTIES

1. Plaintiff, Joseph Barnes ("Mr. Barnes"), is a citizen of Charles County, Maryland, with a residence at 15371 Park Avenue, Bradywine, MD 20613.

2. Defendant, Saint Mary's County Office of the Sheriff, is the primary law enforcement agency providing emergency and non-emergency services in political subdivision of Saint Mary's County in the state of Maryland. Defendant is headquartered at 23150 Leonard Hall Drive, Leonardtown, Maryland 20650.

### JURISDICTION AND VENUE

3. Saint Mary's County is the appropriate venue because the subject incident took place in Saint Mary's County.

### PROCEDURAL BACKGROUND

4. On May 23, 2024, Plaintiff gave Notice of Claim to Saint Mary's County Office of Law pursuant to the Maryland Local Government Torts Claims Act.

5. More than six (6) months have passed with no resolution of the aforementioned claim.

## FACTS

6. Saint Mary's County, is a political and administrative subdivision of the state of Maryland located in its southern region.

7. The Saint Mary's County Office of the Sheriff is the law enforcement agency that provides emergency and non-emergency services to residents, businesses, and persons otherwise in and around the county.

8. The Saint Mary's County Office of the Sheriff is composed of administrative officers responsible for organization and command, as well as deputy sheriffs and other officers responsible for patrol, responding to emergencies, and investigating criminal activity.

9. On August 5, 2023, Plaintiff, Joseph Barnes, ("Mr. Barnes"), his wife, Shevonne Barnes ("Mrs. Barnes"), and a friend, Alvern Harris ("Mr. Harris"), were enjoying a motorcycle ride through Saint Mary's County, Maryland.

10. Robert Allen Kinch ("Mr. Kinch"), ran a stop sign, striking Mr. Barnes.

11. Mr. Barnes was subsequently ejected from his motorcycle, and after a period of being airborne, struck the ground and came to rest on the shoulder of the road.

12. Mrs. Barnes and Mr. Harris witnessed the accident from their own motorcycles.

13. Mr. Barnes, Mrs. Barnes, and Mr. Harris all present and identify as African-American.

14. Mr. Kinch, the civilian who struck Mr. Barnes, is a white American male.

15. Several sheriffs from Saint Mary's County Office of the Sheriff responded to the scene of the accident.

16. DFC T. Snyder (0342) was one of the sheriffs who responded to the scene.

17. The remainder of the sheriffs who responded are unknown.

2

18. Initially, the sheriffs who responded to the scene refused to take an accident report or provide any information until Mrs. Barnes first showed proof that Mr. Barnes had insurance.

19. While Mr. Barnes was visibly hurt, bleeding, and screaming in pain, sheriffs went through his pockets without consent, or regard for his physical condition and injuries.

20. There was no need for this intrusion on Mr. Barnes person as Mrs. Barnes indicated that she could retrieve Mr. Barnes wallet, his identification, and insurance information.

21. Mr. Barnes, who is a veteran of the United States Army, has a concealed carry permit for a handgun.

22. Once sheriffs located is permit during their search of his wallet, sheriffs began to question Mrs. Barnes about the permit and where Mr. Barnes weapon was.

23. Mrs. Barnes informed the officers that Mr. Barnes was not armed or carrying any weapon.

24. There were no allegations by Mr. Kinch or any of the witnesses that a handgun was involved in this incident.

25. The sole basis for this line of inquiry was the sheriffs' search of Mr. Barnes wallet.

26. Despite Mrs. Barnes statements that Mr. Barnes was unarmed, the sheriffs frisk of Mr. Barnes' body, and Mr. Barnes literal physical inability to weld any weapon, responding sheriffs continued their inquiry into Mr. Barnes' phantom handgun, again with no regard for his physical condition.

27. Prior to any investigation, sheriffs moved and removed pieces of the accident from the scene.

28. None of the responding sheriffs made any inquiry of Mr. Kinch or his passenger as to

3

whether any controlled substances were a factor in the collision.

29. In fact, when Mrs. Barnes and Mr. Harris inquired of sheriffs as to the possibility that Mr. Kinch and his passenger may be under the influence of a controlled dangerous substance, the responding officers simply stated "he looks like he is sorry."

30. Mr. Barnes was transported via helicopter to the Maryland Shock Trauma center.

31. Mr. Barnes suffered extensive injuries and was hospitalized for thirty (30) days, along with fourteen (14) days in a rehabilitation center.

32. Mr. Barnes suffered two (2) broken femurs, requiring that he have multiple operations, including the insertion of metal rods in both legs.

33. Mr. Barnes also suffered significant damage to his mouth and front teeth, requiring oral surgery.

34. The impact of the accident caused Mr. Barnes to suffer a stroke, causing him to lose vision in his right eye.

35. An accident report was completed, finding Mr. Kinch at fault.

36. Sheriffs issued Mr. Kinch a traffic citation for Failure to Yield Intersection Right of Way to Another Vehicle.

37. Mr. Kinch paid the fine associated with this ticket on August 14, 2023 and did not contest the citation or his finding of fault.

38. At no time did any responding officer at the scene of the accident, or any other officer or other representative from the Office of the Sheriff ever speak directly with Mr. Barnes regarding this incident.

## COUNT I: NEGLIGENCE

39. Plaintiff incorporates by reference paragraphs 1-38 as if fully set forth under this Count

and further alleges:

40. Defendant, and Defendant's agents, are the law enforcement agency that provides emergency and non-emergency services to residents, businesses, and persons otherwise in and around the county.

41. On August 5, 2023, Mr. Barnes was struck by a motor vehicle while riding his motorcycle.

42. Defendant and defendant's agents responded to the scene of the accident.

43. Mr. Barnes suffered extensive physical injuries.

44. At all times, Mr. Barnes acted in a reasonable and prudent manner.

45. Defendant and defendant's agents that responded to the scene of the accident had a duty to use due care in fully investigation the accident scene and providing prompt and effective emergency services to Mr. Barnes.

46. Defendant and defendant's agents also had a duty to act with professionalism, follow the rules and regulations of the sheriff's department, and to uphold the state and federal constitutions.

47. Defendant and defendant's agents breached their duty of care by touching Mr. Barnes person following his injury, with no regard to his physical injuries and causing him unnecessary pain, moving and removing pieces of the accident from the scene prior to any investigation, and made no inquiry to Mr. Kinch or his passenger as to whether any controlled substances were a factor in the collision.

48. Neither Defendants or defendant's agents interview Mr. Barnes as part of their investigation, either the day of the accident or in the days following the accident.

49. As a result of the actions and omissions of the Defendant, and Defendant's agents,

Mr. Barnes suffered physical pain, as well as mental anguish, emotional distress, and humiliation.

**WHEREFORE**, Plaintiff respectfully requests Judgment in his favor against Defendant for $250,000.00 in compensatory damages, plus costs, reasonable attorney's fees, and for such other relief that justice requires.

**COUNT II: VIOLATION OF
ARTICLE TWENTY-FOUR OF THE
MARYLAND DECLARATION OF RIGHTS**

50. Plaintiff incorporates by reference paragraphs 1-49 as if fully set forth under this Count and further alleges:

51. Article Twenty-Four of the Maryland Declaration of Rights prohibits the deprivation of individual rights and liberties without due process of the law.

52. The right to be free from racial discrimination is one of those rights and liberties encompassed in the aforementioned constitutional provision.

53. Defendant, and Defendant's agents, are the law enforcement agency that provides emergency and non-emergency services to residents, businesses, and persons otherwise in and around the county.

54. On August 5, 2023, Mr. Barnes was struck by a motor vehicle while riding his motorcycle.

55. Defendant and defendant's agents responded to the scene of the accident.

56. Mr. Barnes suffered extensive physical injuries.

57. Mr. Barnes' wife, Mrs. Barnes, as well as another individual, Mr. Harris, witnessed the accident and was present at the scene when Defendant and Defendant's agents responded.

58. Mr. Barnes, Mrs. Barnes, and Mr. Harris all present and identify as African-American.

6

59. Mr. Kinch, the civilian who struck Mr. Barnes, is a white American male.

60. Defendant and Defendants agents treated Mr. Barnes more adversely than Mr. Kinch on the basis of his race, although both were involved in the collision, and Mr. Barnes suffered extensive and obvious physical injury.

61. Specifically, Defendants agents who responded to the accident scene refused to take an accident report or provide any information until Mrs. Barnes first showed proof that Mr. Barnes had insurance.

62. While Mr. Barnes was visibly hurt, bleeding, and screaming in pain, Defendant's agents went through his pockets without consent, or regard for his physical condition and injuries.

63. There was no need for this intrusion on Mr. Barnes person as Mrs. Barnes indicated that she could retrieve Mr. Barnes wallet, his identification, and insurance information.

64. Mr. Barnes, who is a veteran of the United States Army, has a concealed carry permit for a handgun.

65. Once sheriffs located his concealed carry permit during their search of his wallet, the Defendant's agents began to question Mrs. Barnes about the permit and where Mr. Barnes weapon was.

66. Mrs. Barnes informed the officers that Mr. Barnes was not armed or carrying any weapon.

67. There were no allegations by Mr. Kinch or any of the witnesses that a handgun was involved in this incident.

68. The sole basis for this line of inquiry was the officers search of Mr. Barnes wallet.

69. Despite Mrs. Barnes statements that Mr. Barnes was unarmed, the Defendant's agents frisk of Mr. Barnes' body, and Mr. Barnes literal physical inability to weld any weapon, Defendant's agents continued their inquiry into Mr. Barnes' phantom handgun, again with no regard for his physical condition.

70. None of the Defendant's agents made similar inquiries of Mr. Kinch prior to providing assistance, nor was any inquiry of Mr. Kinch or his passenger as to whether any controlled substances were a factor in the collision.

71. The actions of the Defendant and defendant's agents were intentional and motivated by racial aminus.

72. As a result of the actions and omissions of the Defendant, and Defendant's agents, Plaintiff suffered mental anguish, emotional distress, and humiliation.

**WHEREFORE**, Plaintiff respectfully requests Judgment in his favor against Defendant for $250,000.00 in compensatory damages, plus costs, reasonable attorney's fees, and for such other relief that justice requires.

### COUNT III: VIOLATION OF 42 U.S.C. §1983

73. Plaintiff incorporates by reference paragraphs 1-72 as if fully set forth under this Count and further alleges:

74. The Fourteenth Amendment of the United States Constitution guarantees that all individuals shall have equal protection of the laws.

75. The Fourteenth Amendment of the United States Constitution prohibits discrimination based on race.

8

76. Defendant, and Defendant's agents, are the law enforcement agency that provides
    emergency and non-emergency services to residents, businesses, and persons otherwise in
    and around the county.

77. At all times relevant, Defendant and Defendant's agents were acting under color of state
    law.

78. On August 5, 2023, Mr. Barnes was struck by a motor vehicle while riding his
    motorcycle.

79. Defendant and defendant's agents responded to the scene of the accident.

80. Mr. Barnes suffered extensive physical injuries.

81. Mr. Barnes' wife, Mrs. Barnes, and another individual, Mr. Harris, witnessed the accident
    and was present at the scene when Defendant and Defendant's agents responded.

82. Mr. Barnes, Mrs. Barnes, and Mr. Harris all present and identify as African-American.

83. Mr. Kinch, the civilian who struck Mr. Barnes, is a white American male.

84. Defendant and Defendant's agents unlawfully deprived Mr. Barnes of equal protection of
    the law because of his race in violation of the Fourteenth Amendment of the United
    States Constitution.

85. Defendant and Defendants agents treated Mr. Barnes more adversely than Mr. Kinch on
    the basis of his race, although both were involved in the collision, and Mr. Barnes
    suffered extensive and obvious physical injury.

86. Specifically, Defendants agents who responded to the accident scene refused to take an
    accident report or provide any information until Mrs. Barnes first showed proof that
    Mr. Barnes had insurance.

87. While Mr. Barnes was visibly hurt, bleeding, and screaming in pain, Defendant's agents went through his pockets without consent, or regard for his physical condition and injuries.

88. There was no need for this intrusion on Mr. Barnes person as Mrs. Barnes indicated that she could retrieve Mr. Barnes wallet, his identification, and insurance information.

89. Mr. Barnes, who is a veteran of the United States Army, has a concealed carry permit for a handgun.

90. Once sheriffs located his concealed carry permit during their search of his wallet, the Defendant's agents began to question Mrs. Barnes about the permit and where Mr. Barnes weapon was.

91. Mrs. Barnes informed the officers that Mr. Barnes was not armed or carrying any weapon.

92. There were no allegations by Mr. Kinch or any of the witnesses that a handgun was involved in this incident.

93. The sole basis for this line of inquiry was the officers search of Mr. Barnes wallet.

94. Despite Mrs. Barnes statements that Mr. Barnes was unarmed, the Defendant's agents frisk of Mr. Barnes' body, and Mr. Barnes literal physical inability to weld any weapon, Defendant's agents continued their inquiry into Mr. Barnes' phantom handgun, again with no regard for his physical condition.

95. None of the Defendant's agents made similar inquiries of Mr. Kinch prior to providing assistance, nor was any inquiry of Mr. Kinch or his passenger as to whether any controlled substances were a factor in the collision.

96. The actions of the Defendant and defendant's agents were intentional and motivated by racial aminus.

97. The actions and omissions of Defendant and Defendant's agents were the direct and proximate cause of the constitutional deprivation suffered by Mr. Barnes.

98. As a result of the actions and omissions of the Defendant, and Defendant's agents, Plaintiff suffered mental anguish, emotional distress, and humiliation.

**WHEREFORE**, Plaintiffs respectfully request Judgment in their favor against Defendant for $250,000.00 in compensatory damages, plus costs, reasonable attorney's fees, and for such other relief that justice requires.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter Judgment in Plaintiff's favor and against the Defendant;

B. Award Plaintiff $250,000.00 in compensatory damages, including, but not limited to, mental anguish, emotional distress, and humiliation;

C. Award Plaintiff costs, attorney's fees, and other expenses; and

D. For such further relief that justice might require.

## <u>JURY TRIAL PRAYER</u>

Plaintiffs request Trial By Jury in this matter.

Respectfully Submitted,

*/s/ Andrea D. Smith-Walker, Esq.*

Andrea D. Smith-Walker, Esq., ID 1406170267
The Law Office of Andrea D Smith LLC
9701 Apollo Drive Suite 100
Largo MD 20772
(301) 543-9685
andrea.smith@smithlawllc.org

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2025, a copy of the foregoing, as well as accompanying

documents, shall be served via private process server to:

Saint Mary's County Office of the Sheriff
23150 Leonard Hall Drive
Leonardtown, MD 20650

/s/ Andrea D. Smith-Walker, Esq.
_____
Andrea D. Smith-Walker, Esq.
